UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMADOU KOULIBALY,

                    Plaintiff,

          -v.-

CITY OF NEW YORK,

                    Defendant.

25 Civ. 7989 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On September 24, 2025, Plaintiff commenced this case by filing a complaint.  (Dkt. #1).  On November 20, 2025, the Court issued an Order of Service that, among other things, (i) dismissed some Defendants and added Correction Officers Lewis and Ramones as Defendants; (ii) ordered the City of New York (the "City") to identify certain unnamed defendants described in the complaint, pursuant to *Valentin* v. *Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), (the "*Valentin* response"); and (iii) ordered Plaintiff to file an amended complaint naming as Defendants the individuals identified in the City's *Valentin* response within 30 days of receiving the response.  (Dkt. #7).

On January 7, 2026, before the City submitted its *Valentin* response, Plaintiff filed an amended complaint naming only the City of New York as a Defendant.  ("FAC" (Dkt. #14)).  On January 20, 2026, the Court adjourned the City's deadline to provide its *Valentin* response.  (Dkt. #17).  On March 6, 2026, the City submitted its *Valentin* response.  (Dkt. #18).

To date, Plaintiff has not filed a second amended complaint ("SAC") that names as Defendants the individuals identified in the City's *Valentin* response.

Indeed, because the FAC named only the City of New York as a Defendant, the City is the only Defendant presently listed on the docket. Thus, the Court advises Plaintiff that if he wishes for this case to continue, he shall file his SAC on or before **July 31, 2026**. The SAC shall identify by name (and badge number, if appropriate) all Defendants against whom Plaintiff wishes to bring suit. The Court warns Plaintiff that if he fails to file his SAC by this deadline, it will dismiss this case for failure to prosecute and failure to follow Court orders. *See LeSane* v. *Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

For Plaintiff's convenience, and in case he did not receive any of the relevant materials, the Court attaches to the end of this Order (i) its Order of Service (Dkt. #7), (ii) its endorsement of the City's request to adjourn its deadline to provide its *Valentin* response (Dkt. #17), and (iii) the City's *Valentin* response (Dkt. #18).

The Clerk of Court is directed to mail a copy of this endorsement to Plaintiff at his address of record.

SO ORDERED.

Dated:  June 22, 2026
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMADOU KOULIBALY,<br><br>            Plaintiff,<br><br>         -v.-<br><br>CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT 40TH PRECINCT, NEW YORK CITY DEPARTMENT OF CORRECTION, and HEALTH AND CITY HOSPITALS,<br><br>            Defendants. | 25 Civ. 7989 (KPF)<br><br>**ORDER OF SERVICE** |

KATHERINE POLK FAILLA, District Judge:

Plaintiff Amadou Koulibaly, who appears *pro se*, filed this action while he was held in the Rose M. Singer Enhanced Supervised Housing facility ("RESH") on Rikers Island.[1] He asserts claims for damages and injunctive relief, alleging that Defendants have violated his federal constitutional rights. Plaintiff sues: (i) the City of New York; (ii) the 40th Precinct of the New York City Police Department ("NYPD"); (iii) the New York City Department of Correction ("DOC"); and (iv) "Health and City Hospitals," which appears to be a reference to NYC Health + Hospitals ("H+H"). The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and state law.

By order dated September 29, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons discussed below, the Court dismisses Plaintiff's claims against the

---

[1]    Plaintiff is currently held in the Otis Bantum Correctional Center, also on Rikers Island.

[2]    Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

DOC and against the 40th Precinct.  The Court also: (i) directs the Clerk of Court to add as Defendants to this action, pursuant to Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), Correction Officers Lewis and Ramones, as well as the unidentified "John Doe" or "Jane Doe" Defendants specified below; (ii) directs the Corporation Counsel of the City of New York and counsel for H+H to provide to Plaintiff and to the Court the identities and, if appropriate, badge numbers and service addresses of the unidentified "John Doe" or "Jane Doe" Defendants specified below; and (iii)(a) requests that the City of New York and Correction Officers Lewis and Ramones waive service of summonses, (b) directs service, via the United States Marshals Service ("USMS"), on H+H, and (c) directs the City of New York's and Correction Officers Lewis and Ramones's compliance with Local Civil Rule 33.2.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas* v. *Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

2

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits — to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

### A.    The DOC and the 40th Precinct

The Court must dismiss Plaintiff's claims against the DOC and against the 40th Precinct.  In federal court, an entity's capacity to be sued is generally determined by the law of the State where the court is located.  *See* Fed. R. Civ. P. 17(b)(3); *Edwards* v. *Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)).  Under New York law, agencies of the City of New York cannot be sued in the name of the relevant agency, unless the law provides otherwise.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").  The DOC, which is an agency of the City of New York, and the 40th Precinct, which is a subdivision of the NYPD, another agency of the City of New York, do not have the power to sue and be sued in their own names.  *See* N.Y. City Charter ch. 25, §§ 621-27 (describing structure and powers of the DOC); *Jenkins* v. *City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD); *Harris* v. *Police Dep't City of N.Y. 48th Precinct 250 Cross Bronx Expressway*, No. 25 Civ. 6681 (DEH), 2025 WL 2793735, at *1 (S.D.N.Y. Oct. 1, 2025) (NYPD precinct); *Echevarria* v. *Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) ("[S]uits against the DOC are suits against a non-suable entity and are properly dismissed upon that basis.").  The Court therefore dismisses Plaintiff's claims against the DOC

4

and against the 40th Precinct for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court treats the claims concerning these Defendants as brought against the City of New York, which Plaintiff has also named as a Defendant.

## B.    Added Defendants

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21; *see Anwar* v. *Fairfield Greenwich, Ltd.,* 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice.").  "Under this rule, courts have added individual defendants in actions whe[n] the complaint mentions them 'throughout the body of the [c]omplaint' as involved in the underlying alleged events."  *Alexander* v. *City of New York,* No. 25 Civ. 284 (RA), 2025 WL 861377, at *1 (S.D.N.Y. Mar. 19, 2025) (quoting *George* v. *Westchester Cnty. Dep't of Corr.,* No. 20 Civ. 1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020) (second alteration in original)); *see Adams* v. *NYC Dep't of Corrs.,* No. 19 Civ. 5009 (VSB), 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).  That is so because a court may add a party to an action, under Rule 21, when it is clear that the plaintiff intended to name that party as a defendant, but inadvertently failed to do so.  *See Fullewellen* v. *City of New York,* No. 21 Civ. 7219 (MKV), 2021 WL 4940984, at *2 (S.D.N.Y. Sept. 14, 2021); *see also Truncale* v. *Universal Pictures Co.,* 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence,

5

mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

While Plaintiff does not name Correction Officers Lewis and Ramones as Defendants in the caption of his complaint, he does seem to allege that they violated his federal constitutional rights. (*See* Dkt. #1 at 4). Thus, it is clear that Plaintiff intended to name Correction Officers Lewis and Ramones, but inadvertently failed to do so. In light of Plaintiff's *pro se* status and his allegations, the Court understands Plaintiff's complaint as asserting claims, under Section 1983 and under state law, against Correction Officers Lewis and Ramones. Accordingly, the Court directs the Clerk of Court to add Correction Officers Lewis and Ramones as Defendants in this action, pursuant to Rule 21. These amendments are without prejudice to any defenses Corrections Officers Lewis and Ramones may wish to assert.

Plaintiff does not name other individual DOC and H+H employes as Defendants, but, in naming the DOC and H+H as Defendants and in alleging the actions of those entities' employees, it appears that he also intended to name unidentified DOC and H+H employees as Defendants, but inadvertently failed to do so. Again, in light of Plaintiff's *pro se* status and his allegations, the Court also understands Plaintiff's complaint as additionally asserting claims, under Section 1983 and under state law, against the following unidentified "John Doe" or "Jane Doe" Defendants: (i) the "John Doe" or "Jane Doe" NYPD police officers who arrested Plaintiff in or about June 2023, and who initiated criminal proceeding(s) against him that resulted in the dismissal of the

6

associated criminal charges brought against him; (ii) the "John Doe" or "Jane Doe" H+H employees who were responsible for evaluating Plaintiff and deciding whether and when to provide medical treatment to him with respect to his injured finger while he has been in DOC custody; (iii) the "John Doe" or "Jane Doe" DOC correction officers assigned to the RESH on February 22, 2025, who were recorded by Correction Officer Ramones's body-worn camera as having been involved in a physical altercation with Plaintiff on that date; and (iv) the "John Doe" or "Jane Doe" DOC correction officer on duty in Plaintiff's housing-unit tier, either in the Robet N. Davoren Center ("RNDC") or in the RESH, on April 6, 2025, who allowed all of the cells in that tier to be opened on that date, all at the same time.  Accordingly, the Court further directs the Clerk of Court to add these individuals as unidentified "John Doe" or "Jane Doe" Defendants in this action, pursuant to Rule 21.  These amendments are also without prejudice to any defenses that these unidentified Defendants, once identified, may wish to assert.

## C.    Unidentified "John Doe" and "Jane Doe" Defendants

Under *Valentin* v. *Dinkins*, a *pro se* litigant is entitled to assistance from the court in identifying an unidentified defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit the NYPD, the DOC, and H+H to identify the unidentified "John Doe" and "Jane Doe" Defendants that the Court has added as Defendants to this action, pursuant to Rule 21.  They include: (i) the NYPD police officers who arrested Plaintiff in or about June 2023, and who initiated the criminal proceeding(s)

7

against him mentioned in the complaint that resulted in the dismissal of the associated criminal charges brought against him; (ii) the H+H employees who were responsible for evaluating Plaintiff and deciding whether and when to provide medical treatment to him with respect to his injured finger while he has been in DOC custody; (iii) the DOC correction officers assigned to the RESH on February 22, 2025, who were recorded by Correction Officer Ramones's body-worn camera as having been involved in a physical altercation with Plaintiff on that date; and (iv) the DOC correction officer on duty in Plaintiff's housing-unit tier, in either the RNDC or in the RESH, on April 6, 2025, who allowed all of the cells in that tier to be opened on that date, all at the same time. It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the NYPD and of the DOC, and counsel for H+H must ascertain the identity and, if appropriate, badge number and service address, of each of the unidentified "John Doe" or "Jane Doe" Defendants that the Court has added to this action as defendants, pursuant to Rule 21.[3] The Corporation Counsel and counsel for H+H must provide this information to Plaintiff and to the Court within 60 days of the date of this Order.

---

[3]     If any unidentified "John Doe" or "Jane Doe" Defendant is a current or former DOC employee or official, the Corporation Counsel should note in the response to this Order that an electronic request for a waiver of service can be made under the e-service agreement for actions involving DOC defendants, rather than by personal service at a DOC facility. If the unidentified "John Doe" or "Jane Doe" Defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Corporation Counsel and/or counsel for H+H must provide an address (residential or otherwise) where that individual may be served.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified individuals as Defendants and providing, if appropriate, their badge numbers and service addresses. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this Order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order requesting that the newly named individual DOC defendants waive service of summonses and directing USMS service on the individual H+H defendants.

**D.     City of New York and Correction Officers Lewis and Ramones**

The Court directs the Clerk of Court to electronically notify the DOC and the New York City Law Department of this Order. The Court requests that the City of New York and Correction Officers Lewis and Ramones waive service of summonses.

**E.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner actions to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of this Order, the City of New York and Correction Officers Lewis

9

and Ramones must serve responses to those standard discovery requests.  In their responses, these Defendants must quote each request verbatim.[4]

**F.    Service on H+H**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the USMS to effect service on H+H.[5]  *Walker* v. *Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (providing that a court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on H+H through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for H+H.  The Clerk of Court is further instructed to issue a summons for H+H and deliver to the USMS all the paperwork necessary for the USMS to effect service upon H+H.

If the complaint is not served upon H+H within 90 days after the date that the summons for H+H is issued, Plaintiff should request an extension of time for service.  *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding

---

[4]    If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

[5]    Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date that the complaint is filed, Plaintiff is proceeding IFP and could not have effected service on H+H until the Court reviewed the complaint and ordered that a summons be issued for H+H.  The Court therefore extends the time to serve H+H until 90 days after the date that a summons for H+H issues.

10

that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

**CONCLUSION**

The Court directs the Clerk of Court to mail an information package to Plaintiff.

For the reasons discussed above, the Court dismisses Plaintiff's claims against the New York City Department of Correction and the New York City Police Department's 40th Precinct, and directs the Clerk of Court to remove these entities from the caption of this case. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also directs the Clerk of Court to add as Defendants, pursuant to Rule 21 of the Federal Rules of Civil Procedure, the following individuals: (i) Correction Officer Lewis; (ii) Correction Officer Ramones: (iii) "John Doe" or "Jane Doe" NYPD police officers who arrested Plaintiff in or about June 2023, and who initiated criminal proceeding(s) against him that resulted in the dismissal of the associated criminal charges brought against him; (iv) "John Doe" or "Jane Doe" H+H employees who were responsible for evaluating Plaintiff and deciding whether and when to provide medical treatment to him with respect to his injured finger while he has been in DOC custody; (v) "John Doe" or "Jane Doe" DOC correction officers assigned to the RESH on February 22, 2025, who were recorded by Correction Officer Ramones's body camera as having been involved in a physical altercation with Plaintiff on that

11

date; and (vi) "John Doe" or "Jane Doe" DOC correction officer on duty in Plaintiff's housing-unit tier, in either the RNDC or in the RESH, on April 6, 2025, who allowed all of the cells in that tier to be opened on that date, all at the same time.

The Court further directs the Clerk of Court to electronically notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that the City of New York and Correction Officers Lewis (who was assigned to the RNDC or the RESH on January 10, 2025, while Plaintiff was held in that facility) and Ramones (who was assigned to the RESH on February 22, 2025, while Plaintiff was held in that facility) waive service of summonses.

The Court additionally directs the Clerk of Court to: (i) issue a summons for NYC Health + Hospitals; (ii) complete a USM-285 form with the service address for that Defendant; and (iii) deliver all documents necessary to effect service of a summons and the complaint on that Defendant to the USMS.

The Court directs the City of New York and Correction Officers Lewis and Ramones to comply with Local Civil Rule 33.2 within 120 days of the date of this Order.

The Court directs the Clerk of Court to mail a copy of this Order and a copy of the complaint to the following addresses: (i) the Corporation Counsel of the City of New York, New York City Law Department, 100 Church Street, New York, New York 10007; and (ii) NYC Health + Hospitals, Legal Department, 50 Water Street, 17th Floor, New York, New York 10004.

12

An amended complaint form is attached to this Order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  November 20, 2025
New York, New York

KATHERINE POLK FAILLA
United States District Judge

13

**SERVICE ADDRESS FOR DEFENDANT**

NYC Health + Hospitals
Legal Department
50 Water Street, 17th Floor
New York, New York 10004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                Middle Initial                Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                        State                Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                Last Name                Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                State                Zip Code

Defendant 2:

First Name                Last Name                Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                State                Zip Code

Defendant 3:

First Name                Last Name                Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                State                Zip Code

Defendant 4:

First Name                Last Name                Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                State                Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 4

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6





**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**INNA SHAPOVALOVA**
*Senior Counsel*
Tel.: (212) 356-2656
Fax: (212) 356-3509
inshapov@law.nyc.gov

January 16, 2026

**BY ECF**
Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

           Re:     <u>Amadou Koulibaly v. City of New York, et al.</u>,
                  25 Civ. 07989 (KPF)

Your Honor:

       I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing defendant City of New York ("City") in the above-referenced matter.[1] Defendant City respectfully writes to request: (1) a forty-five (45) day enlargement of time, from January 20, 2026 until March 6, 2026, for this Office to respond to the Court's November 20, 2025 <u>Valentin</u> Order, and (2) that defendant City's obligation to answer or otherwise respond to the operative complaint be held in abeyance until after plaintiff amends. This is the first request of its kind. The undersigned was unable to expediently obtain plaintiff's position with respect to this request due to his current incarcerated status.

       By way of background, plaintiff Amadou Koulibaly, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, various constitutional violations arising from his detainment at the Rose M. Singer Enhanced Supervised Housing facility ("RESH") on Rikers Island from June 2023 until June 2025. <u>See</u> ECF Nos. 1, 14. Plaintiff names the City of New York, New York City Police Department ("NYPD") 40th Precinct, New York City Department of Correction ("DOC"), and Health and City Hospitals as defendants in this action.

---

[1] This case has been assigned to Assistant Corporation Counsel Joseph Capio, who is awaiting admission to the New York State Bar. Mr. Capio is handling this matter under my supervision and may be reached at (212) 356-2318 or jcapio@law.nyc.gov.

On November 20, 2025, the Court dismissed claims against the DOC and NYPD 40th Precinct, and added Correction Officers Lewis and Ramones as defendants in this action. See ECF No. 7. Also, on November 20, 2025, Your Honor ordered this Office to "ascertain the identity and, if appropriate, badge number and service address" of "(i) the NYPD police officers who arrested Plaintiff in or about June 2023, and who initiated the criminal proceeding(s) against him mentioned in the complaint that resulted in the dismissal of the associated criminal charges brought against him; … (iii) the DOC correction officers assigned to the RESH on February 22, 2025, who were recorded by Correction Officer Ramones's body-worn camera as having been involved in a physical altercation with Plaintiff on that date; and (iv) the DOC correction officer on duty in Plaintiff's housing-unit tier, in either the RNDC or in the RESH, on April 6, 2025, who allowed all of the cells in that tier to be opened on that date, all at the same time." Id. Defendant City waived service of process on December 22, 2025. See ECF No. 12. On January 7, 2026, plaintiff filed an Amended Complaint. See ECF No. 14.

With respect to defendant City's request for an extension of time to respond to the Court's Valentin Order, the reason for the instant request is that this Office is in the process of obtaining relevant documents and investigating the allegations in the Complaint in an attempt to ascertain the identity, badge number, and service address of the NYPD members and each DOC John and/or Jane Doe whom plaintiff seeks to sue in this action. Accordingly, defendant City respectfully requests a forty-five (45) day enlargement of time, from January 20, 2026 until March 6, 2026, for this Office to respond to the Court's Valentin Order.

With respect to defendant City's request to hold in abeyance its obligation to answer or otherwise respond to the operative complaint, the Court ordered plaintiff to file an amended complaint naming the newly identified individuals as defendants within thirty (30) days of receiving defendant City's Valentin response. In light of plaintiff's forthcoming amended complaint, which will replace, not supplement, the previous complaint, defendant City respectfully requests that the Court hold its obligation to answer or otherwise respond to the operative complaint in abeyance until plaintiff further amends following defendant City's response to the Valentin Order.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Inna Shapovalova*
Inna Shapovalova
*Senior Counsel*
Special Federal Litigation Division

CC:   **VIA FIRST CLASS MAIL**
      Amadou Koulibaly
      *Plaintiff pro se*
      B&C: 2412501515
      Otis Bantum Correctional Center
      16-00 Hazen Street
      East Elmhurst, NY 11370

Application GRANTED.  The Court ADJOURNS the deadline for Defendant to respond to the Court's November 20, 2025 *Valentin* Order from January 20, 2026 to on or before **March 6, 2026.** Relatedly, the Court GRANTS Defendant's request that it not be required to respond to Plaintiff's complaint until after Plaintiff amends his complaint in light of Defendant's *Valentin* response.

The Clerk of Court is directed to terminate the pending motion at docket entry 15, and to mail a copy of this endorsement to Plaintiff at his address of record.

Dated:    January 20, 2026            SO ORDERED.
          New York, New York

                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE



STEVEN BANKS
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

INNA SHAPOVALOVA
*Senior Counsel*
Tel.: (212) 356-2656
Fax: (212) 356-3509
inshapov@law.nyc.gov

March 6, 2026

**BY ECF**
Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re: Amadou Koulibaly v. City of New York, et al.,
       25 Civ. 07989 (KPF)

Your Honor:

  I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and the attorney representing defendant City of New York ("City") in the above-referenced matter.[1] Defendant City respectfully writes in accordance with the Court's November 20, 2025 Valentin Order. See ECF No. 7.

  By way of background, plaintiff Amadou Koulibaly, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, false arrest arising from his arrests for Robbery in the First Degree and Robbery in the Third Degree in June 2023 and various constitutional violations in connection with plaintiff's subsequent detainment at the Rose M. Singer Enhanced Supervised Housing facility ("RESH") and the Robert N. Davoren Center facility ("RNDC") on Rikers Island from June 2023 until June 2025. See ECF Nos. 1, 14. Plaintiff names the City of New York, New York City Police Department ("NYPD") 40th Precinct, New York City Department of Correction ("DOC"), and Health and City Hospitals as defendants in this action. On November 20, 2025, the Court dismissed claims against the DOC and NYPD 40th Precinct, construed plaintiff's claims against Health and City Hospitals as claims against NYC Health +

---

[1] This case has been assigned to Assistant Corporation Counsel Joseph Capio, who is awaiting admission to the New York State Bar. Mr. Capio is handling this matter under my supervision and may be reached at (212) 356-2318 or jcapio@law.nyc.gov.

Hospitals ("H+H"), and added Correction Officers Lewis and Ramones as defendants in this action. See ECF No. 7. Further, the Court ordered this Office and counsel for H+H to "ascertain the identity and, if appropriate, badge number and service address" of "(i) the NYPD police officers who arrested Plaintiff in or about June 2023, and who initiated the criminal proceeding(s) against him mentioned in the complaint that resulted in the dismissal of the associated criminal charges brought against him; (ii) the H+H employees who were responsible for evaluating Plaintiff and deciding whether and when to provide medical treatment to him with respect to his injured finger while he has been in DOC custody; (iii) the DOC correction officers assigned to the RESH on February 22, 2025, who were recorded by Correction Officer Ramones's body-worn camera as having been involved in a physical altercation with Plaintiff on that date; and (iv) the DOC correction officer on duty in Plaintiff's housing-unit tier, in either the RNDC or in the RESH, on April 6, 2025, who allowed all of the cells in that tier to be opened on that date, all at the same time." Id. On January 7, 2026, plaintiff filed an Amended Complaint naming only the City of New York as a defendant. See ECF No. 14. On January 20, 2026, the Court granted this Office's request for an extension of time to respond to the Court's November 20, 2025 Valentin Order, and ordered this Office to respond by March 6, 2026. See ECF No. 17.

In accordance with the Court's November 20, 2025 Order, this Office has conducted an investigation into the allegations of the Complaint. As an initial matter, plaintiff provides little factual detail regarding the NYPD police officers who arrested plaintiff and/or who initiated criminal proceedings against him in or about June 2023. Specifically, with respect to those NYPD police officers, plaintiff's Complaint alleges that from June 2023 until June 2025, plaintiff "was wrongfully imprisoned for multiple robbery charges from the 1st to the 3rd degree" and that in June 2025 "all of the cases were dismissed and sealed." See ECF No. 1 at 4. Based on this Office's initial investigation, plaintiff was arrested and charged with Robbery in the First Degree on June 13, 2023. The next day and while plaintiff was in custody in connection with his June 13, 2023 arrest, plaintiff was also arrested on June 14, 2023 as the individual wanted in connection with another robbery.[2]

With respect to plaintiff's arrest on June 13, 2023, in connection to a report made to the police on May 30, 2023 for which plaintiff was charged with, *inter alia*, Robbery in the First Degree, upon information and belief, this Office identifies the arresting officer for that arrest, who is a current member of the NYPD, and provides his service address:

---

[2] In accordance with the Court's November 20, 2025 Valentin Order, this Office identifies the members of the NYPD who were the arresting officers for plaintiff's arrests in June 2023 for Robbery in the First Degree and Robbery in the Third Degree, as alleged in the Complaint. The undersigned respectfully notes that based on this Office's initial investigation, upon information and belief, plaintiff was additionally arrested on other charges in June 2023, including an arrest on June 13, 2023 for, *inter alia*, N.Y. Veh. & Traf. Law § 1192(4) [Driving while ability impaired by drugs].

2

- Detective Hector Mateo, Badge No. 6840[3]
  New York City Police Department
  Major Case Unit
  1 Police Plaza
  New York, NY 10038

With respect to plaintiff's arrest on June 14, 2023, in connection to a report made to the police on June 10, 2023 for which plaintiff was arrested for, *inter alia*, Robbery in the Third Degree, upon information and belief, this Office identifies the arresting officer for that arrest, who is a current member of the NYPD, and provides her service address:

- Detective Angie S. Rodriguez, Badge No. 7705
  New York City Police Department
  40th Precinct
  567 E 149th Street
  Bronx, NY 10455

With respect to the Correction Officers assigned to the RESH who were alleged to have been recorded by "Correction Officer Ramones's" body-worn camera as having been involved in a physical altercation with plaintiff on February 22, 2025, upon information and belief, no Correction Officer Ramones was present during the alleged incident. However, upon information and belief, an incident involving plaintiff occurred on February 22, 2025. With respect to the incident that occurred within RESH on February 22, 2025, upon information and belief, this Office identifies the following individuals, who are current members of the New York City Department of Correction, and notes that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants rather than by personal service at a DOC facility:

- Correction Officer Rinaldo Chambers, Badge No. 9198
  New York City Department of Correction
  Rose M. Singer Center
  19-19 Hazen Street
  East Elmhurst, NY 11370

- Correction Officer Loctamar Compere, Badge No. 18247
  New York City Department of Correction
  Rose M. Singer Center
  19-19 Hazen Street
  East Elmhurst, NY 11370

With respect to the Correction Officer on duty in plaintiff's housing-unit tier, in either the RNDC or in the RESH, on April 6, 2025, upon information and belief, the incident alleged in the

---

[3] All communication with any current or former employees of the New York City Police Department or any other City agency, except for service of process, should be made through the undersigned.

3

Complaint occurred on April 5, 2025 at the RNDC facility. Accordingly, upon information and belief, this Office identifies the following individual, who was assigned to the "B" post in the 1 Central North housing area within RNDC:

- Former Correction Officer Jose Sanchez[4]

Lastly, with respect to the Court's Order that directed the identification of the H+H employees who were responsible for evaluating plaintiff and deciding whether and when to provide treatment to him with respect to his injured finger, in light of the Amended Complaint subsequently filed by plaintiff which no longer makes those allegations, the undersigned respectfully submits that that portion of the Valentin Order should be deemed moot.

This Office thanks the Court for its time and attention to this matter.

Respectfully submitted,

*/s/Inna Shapovalova*
Inna Shapovalova
*Senior Counsel*
Special Federal Litigation Division

CC:    **VIA FIRST-CLASS MAIL**
Amadou Koulibaly
*Plaintiff pro se*
B&C: 2412501515
Otis Bantum Correctional Center
16-00 Hazen Street
East Elmhurst, NY 11370

---

[4] Upon information and belief, Jose Sanchez is no longer employed by the DOC. This Office is in the process of ascertaining a service address for former Correction Officer Jose Sanchez and will update the Court as soon as possible once it is ascertained.

4